# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | § | |
|---|---|---|
| **LUIS RAY JARAMILLO, JR.,** | § | |
| Petitioner, | § | |
| v. | § | Case No. 6:19-CV-436-JDK-JDL |
| **DIRECTOR, TDCJ-CID,** | § | |
| Respondent. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Luis Ray Jaramillo, Jr., an inmate proceeding *pro se*, filed this petition for a writ of habeas corpus. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On January 3, 2020, the Magistrate Judge issued a Report and Recommendation (Docket No. 8), recommending that the petition be dismissed because Petitioner failed to show that a protected liberty interest had been implicated. *Id.* at 4. Petitioner filed objections on February 10, 2020. Docket No. 15.

In his objections, Petitioner argues that the disciplinary proceedings against him were the "result of unconstitutional proceedings and wrongful administrative process," and he was wrongfully "ordered to remain in 'medium custody'" longer than other inmates and denied parole. *Id.* at 2–5. Petitioner also argues that video surveillance footage would prove his "actual innocence," but the disciplinary hearing officer refused to use it as evidence. *Id.* at 5–8.

The Court overrules Petitioner's objections. First, neither potential release on parole nor a prisoner's custody classification implicates any constitutionally protected liberty interests. *See, e.g.*, *White v. Jenkins*, 735 F. App'x 855, 856 (5th Cir. 2018) ("This claim fails, as we have

repeatedly held that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause."); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) ("A prison inmate does not have a protectable liberty or property interest in his custodial classification."). Second, Petitioner's liberty interests were not implicated by a refusal to watch the video surveillance footage because "a prison disciplinary hearing officer d[oes] not violate the prisoner's due process rights by refusing to watch a surveillance video of the incident despite the prisoner's request that the hearing officer view the tape." *Alvarez v. Bergt*, No. 5:16cv39, 2016 WL 11200944, at *5 (E.D. Tex. Aug. 10, 2016); *see Arceneaux v. Pearson*, 449 F. App'x 396, 398 (5th Cir. 2011); *Neal v. Casterline*, 129 F. App'x 113, 115 (5th Cir. 2005).

Having made a *de novo* review of the objections raised by Petitioner to the Magistrate Judge's Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. The Court therefore adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 8) be **ADOPTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**. To the extent Petitioner raises a claim of retaliation, such claim is **DISMISSED WITHOUT PREJUDICE**. All motions not previously ruled on are **DENIED**. A certificate of appealability is **DENIED** *sua sponte*.

So **ORDERED** and **SIGNED** this **4th** day of **March, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE